The People of the State of Illinois, Plaintiff-Appellee, *v.* Donald K. Sly, Defendant-Appellant.

(No. 73-416; )

Second District—(1st Division)—February 11, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

This is an appeal from an order revoking the conditional release of the defendant and recommitting him, under the terms of the original commitment, to the Director of Corrections, pursuant to the provisions of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1973, ch. 38, pars. 105—1.01 through 105—12).

The sole issue here presented is whether, upon such revocation, the court was required to hold a "sentencing hearing" prior to recommitting the defendant to the Director under the terms of the original commitment. We hold that such a hearing is not required and affirm.

On December 5, 1966, the defendant was committed to the custody of the Director of Corrections as a sexually dangerous person by the circuit court of Winnebago County (Ill. Rev. Stat. 1965, ch. 38, par. 105—1.01 *et seq.*). On February 20, 1970, upon petition, the defendant was released by the court for an indeterminate period in accordance with the pertinent provisions of the statute relative thereto (Ill. Rev. Stat. 1969, ch. 38, par. 105—10). A petition to revoke this conditional release was filed by the State's attorney seeking to recommit the defendant under the terms of his original commitment. At this hearing the defendant was represented by competent counsel with the right of confrontation and cross-examination. The record discloses that the defendant took a minor boy to his apartment, showed him pornographic movies and undid the zipper of the boy's pants and played with the genitals of the minor. There are no issues concerning whether or not minimum due process standards were complied with at the recommitment hearing. At the conclusion of the hearing, the judge revoked the defendant's conditional release and ordered him recommitted to the Department of Corrections. The defendant contends that he was "sentenced" pursuant to the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—4—1 and 1005—6—4). Specifically, defendant contends that the court is required to hold a sentencing hearing prior to his recommitment. We do not agree.

■■ In *People v. Studdard* (1972), 51 Ill.2d 190, 281 N.E.2d 678, our

supreme court, in interpreting sections 9 and 10 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1969, ch. 38, pars. 105—9 and 105—10), at pages 194-195, said:

> "These sections also provide that in the event the person conditionally released violates any of the conditions of such order, 'the court shall revoke such conditional release and recommit the person under the terms of the original commitment.'"

At no time did the supreme court in that case consider the recommitment order a "sentence." In holding that a psychiatric examination was not necessary at that stage in the proceedings the court, at page 195, went on to state with regard to a defendant who is alleged to have violated the terms of his conditional release:

> "The determination to be made at this stage is whether the person violated any of the conditions of the conditional release order. If it is found that he has violated any condition, then the statute is mandatory that the court recommit him under the terms of the original commitment."

The court further observed, at page 195, that:

> "By virtue of this section the person is afforded an opportunity at any stage, including the recommitment stage, to file his application for discharge and has the benefit of any psychiatric or other relevant evidence he may wish to have the court consider."

We therefore hold, under the express provisions of section 105—10 of the Sexually Dangerous Persons Act, and in line with *Studdard,* that a sentencing hearing is not required prior to the recommitment of an individual as a sexually dangerous person. The order of commitment is merely reinstated and is not a sentence.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.